NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-563

ANTOINE CLARK

vs.

COMMONWEALTH OF MASSACHUSETTS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Antoine Clark, filed a single count negligence complaint against the Commonwealth of Massachusetts on March 20, 2017, alleging that on March 28, 2014, his neck was injured while he was a passenger in a vehicle operated by a Commonwealth employee that collided with a metal door (the March 2014 accident).[1] In April 2022, the Commonwealth moved for summary judgment, arguing that the plaintiff could not prove that his injuries were caused or exacerbated by the 2014

_____

[1] The accident occurred when the plaintiff was incarcerated and was being transported in a Department of Corrections vehicle to a correctional facility. Vehicles enter the facility through a pair of steel double doors known as a "vehicle trap." The vehicle the plaintiff was being driven in slowly collided with the inner door of the vehicle trap. Neither the vehicle nor the door was damaged.

accident without expert testimony, and, therefore, his complaint must be dismissed.  In October 2022, a judge of the Superior Court allowed the Commonwealth's motion for summary judgment, and, in October 2023, the same judge denied the plaintiff's motion for reconsideration.  The plaintiff now appeals, arguing that the trial judge erred by (1) allowing the Commonwealth's motion for summary judgment because a genuine dispute of material fact existed as to what caused the plaintiff's injuries, and (2) denying the plaintiff's motion for reconsideration despite the purported existence of newly discovered evidence.  We affirm.

Discussion.  "We review a grant of summary judgment de novo to determine 'whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law.'"  Juliano v. Simpson, 461 Mass. 527, 529-530 (2012), quoting Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991).  In doing so, we must rely on the same summary judgment record that was before the motion judge.  See Meyer v. Veolia Energy N. Am., 482 Mass. 208, 211 (2019).

"Expert testimony is necessary where proof of medical causation lies outside the ken of lay jurors."  Pitts v. Wingate at Brighton, Inc., 82 Mass. App. Ct. 285, 289 (2012).  And,

2

expert testimony is a particular necessity when faced with "highly technical medical issues, such as injury causation and enhancement of injury to the spine." See Lally v. Volkswagen Aktiengesellschaft, 45 Mass. App. Ct. 317, 324-325 (1998), and cases cited therein. "Proof of exacerbation or aggravation of injuries is more likely to require expert testimony." Bailey v. Cataldo Ambulance Serv., Inc., 64 Mass. App. Ct. 228, 233 (2005). Furthermore, an expert's opinion on causation must be based on more than mere possibility or conjecture. See Goffredo v. Mercedes-Benz Truck Co., 402 Mass. 97, 102-103 (1988). "However, where a determination of causation lies within general human knowledge and experience, expert testimony is not required." Pitts, 82 Mass. App. Ct. at 289 (citation and quotation omitted).

Here, it is undisputed that the plaintiff has an extensive history of neck and back pain dating back to 2002 when he sought treatment for pain from a bullet lodged in his back. Then, in 2011, the plaintiff was diagnosed with, inter alia, "multilevel spondylosis with multiple levels of disc bulging." In fact, the plaintiff had undergone treatment, physical therapy, and steroid injections for neck and back pain well before the March 2014 accident and underwent his first spinal fusion surgery in November 2011. Since the 2014 accident, the plaintiff has been

3

involved in two additional motor vehicle accidents, one in September 2014, and another in January 2017, from which he sought medical attention for neck and back pain. He has also undergone two additional spinal fusion surgeries, one in November 2014 and his third in December 2016. Throughout, the plaintiff has continued to report his chronic neck pain to his medical providers up until the filing of this case in 2017.

The plaintiff contends that a single medical record dated November 30, 2015, namely a neurosurgery progress note from the plaintiff's treating neurosurgeon, Dr. Massengale, was sufficient to create a genuine issue of material fact as to whether the March 2014 accident caused or exacerbated his neck pain. In the progress note, Dr. Massengale wrote:

> "I explained [to the plaintiff] that I find the best primary diagnosis for [the plaintiff's] neck pain and persistent cervical radiculopathy pain to be pseudoarthrosis and failed fusion in the cervical spine. I explained that the automobile accidents [the March and October 2014 accidents] in which he [the plaintiff] was involved, because they exacerbated his pain, must be considered [to be] a contributor to his present pain condition but they did not cause the pseudoarthrosis."

Notwithstanding the plaintiff's contention, we agree with the judge below that, given the plaintiff's extensive medical history of neck and back injuries, this entry alone cannot suffice to establish by more than a mere possibility that the

4

March 2014 accident caused or aggravated the plaintiff's condition. See Goffredo, 402 Mass at 102-103; see also Bailey, 64 Mass. App. Ct. at 233. Rather, on this record, expert medical testimony is required to establish such a causal link.[2] See Lally, 45 Mass. App. Ct. at 325. Although a treating physician may sometimes offer an expert opinion, see Sacco v. Roupenian, 409 Mass. 25, 29-30 (1990), the plaintiff does not argue that Dr. Massengale qualified as an expert here.

We also agree with the motion judge that the second note that the plaintiff provided from Dr. Massengale in support of his motion for reconsideration did not constitute "newly discovered evidence." See Audubon Hill S. Condominium Ass'n v. Community Ass'n Underwriters of Am., Inc., 82 Mass. App. Ct. 461, 470 (2012). As noted by the judge, the second note, dated February 3, 2023, failed to provide any "meaningful further information regarding how the injuries allegedly sustained in the accident at issue are physically different from the multitude of other accidents and incidents in which the plaintiff also sustained injuries." Furthermore, in the second note, Dr. Massengale uses the phrases "I explained," "I have indicated in the past," and "I reiterated," in reference to how

---

[2] For these same reasons, the plaintiff's own sworn statements in his answers to interrogatories are insufficient to establish a causal link.

5

the March 2014 accident contributed to the plaintiff's injuries. Therefore, because the second note, by its own terms, did not bring any new information to bear on the issue of causation, it does not qualify as newly discovered evidence.

<u>Judgment affirmed.</u>

<u>Order denying motion for reconsideration affirmed</u>.

By the Court (Desmond, Sacks & Brennan, JJ.[3]),

Clerk

Entered:  June 9, 2025.

---

[3] The panelists are listed in order of seniority.